# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2014

Lyle W. Cayce
Clerk

No. 13-10537
Summary Calendar

————

BITUMINOUS CASUALTY CORPORATION,

Plaintiff-Appellant,

v.

THE TRAVELERS INDEMNITY COMPANY;
FRONTIER MINING & MATERIAL, L.L.C.,

Defendants-Appellees.

————

Appeal from the United States District Court
for the Northern District of Texas
USDC 3:12-cv-935

————

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant, Bituminous Casualty Corporation ("Bituminous"), filed this suit against Defendants-Appellees, The Travelers Indemnity Company ("Travelers") and Frontier Mining & Material, L.L.C. ("Frontier"), alleging that Travelers provided liability coverage for a tractor and trailer involved in a motor vehicle accident. Bituminous and Travelers filed cross-motions for summary judgment with respect to liability coverage. The district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10537

judge granted summary judgment in favor of Travelers and dismissed Bituminous's suit with prejudice.[1]  Bituminous appeals herein.  We AFFIRM.

## I.

Travelers issued a commercial automobile insurance policy to Big D Concrete, Inc. ("Big D") with a policy period of November 7, 2010 through November 7, 2011.  Bituminous issued a commercial automobile insurance policy to Frontier for a policy period of June 10, 2011 through June 10, 2012. In August 2011, Big D leased a 1999 Mack tractor and a 1999 Vantage trailer ("the Tractor and Trailer") to Frontier as evidenced by an Equipment Lease ("the Lease") dated in August 2, 2011 and an Addendum to Equipment Lease dated August 5, 2011.  The Equipment Lease required Frontier to insure against the entire risk of loss related to the lease equipment and provided that Frontier's insurance policy coverage would be primary and non-contributing.

On August 10, 2011, a Policy Change Request was submitted on behalf of Big D to Travelers requesting that 10 units[2] owned by Big D be deleted from its commercial automobile insurance policy with Travelers.  The Tractor and Trailer were among the 10 units deleted from the policy with Travelers.  The Policy Change Request was ultimately approved and an endorsement change ("the Endorsement") was issued with an approval date retroactively effective to August 8, 2011.[3]  Travelers issued to Big D a refund of $3,847 in premiums for the 10 units once the policy change was approved and in effect.

On August 24, 2011, a Frontier employee, Lawrence McAdams, was operating the Tractor and Trailer in the course and scope of his employment

---

[1] Although Bituminous named Frontier as a defendant in the summary judgment proceedings, Bituminous conceded that it did not seek affirmative relief against Frontier. Consequently, the district court rendered judgment in favor of Travelers but provided in its memorandum opinion and order that it also dismissed Bituminous's claims against Frontier.

[2] The ten units included five tractors and five trailers.

[3] The issue date of the approval was September 2, 2011.

No. 13-10537

when he was involved in an accident with an automobile carrying four passengers.[4] Bituminous retained counsel to defend Frontier and McAdams in the underlying state court proceedings. The state court plaintiffs sent two settlement demand letters to Bituminous for claims arising from the accident. Bituminous forwarded the settlement demand letters to Travelers requesting defense and indemnity of Frontier and McAdams under the terms of Travelers' commercial automobile insurance policy with Big D. Travelers denied coverage. Bituminous ultimately settled with the state court plaintiffs who then filed for court approval of the settlement.

Bituminous then filed suit in federal district court against Travelers seeking a declaratory judgment that the Tractor and Trailer operated by McAdams while working for Frontier were covered under the policy issued by Travelers to Big D. Bituminous contended in its motion for summary judgment that Travelers' policy with Big D provided primary coverage for the Tractor and Trailer and that Frontier and McAdams were permissive users of the Tractor and Trailer at the time of the accident.[5]

Travelers filed a cross-motion for summary judgment against Bituminous arguing that: (1) the Tractor and Trailer were not "covered autos" because the Endorsement eliminated them from coverage under the policy; (2) Frontier and McAdams were not permissive users under the policy; and, (3) regardless of liability, Travelers had no duty to defend because the underlying state court proceedings were never tendered to it.

## II.

Applying Texas law, the district judge rendered summary judgment in favor of Travelers and dismissed Bituminous's claims with prejudice. In his

---

[4] Bobby, Kandi and Ashlea Hillin and Brendin Juarez.

[5] Neither Frontier nor McAdams were named as parties to the commercial automobile insurance policy issued by Travelers to Big D.

3

No. 13-10537

memorandum opinion and order, the district judge held that the Endorsement unambiguously deleted liability coverage for the listed units, including the Tractor and Trailer, which were therefore not considered "covered autos" when they were involved in the accident.  In support of this holding, the district judge pointed to the terms of the Equipment Lease evidencing Frontier's agreement to maintain liability coverage for the Tractor and Trailer, the express language of the Endorsement in the context of the entire policy issued by Travelers, and to the premiums returned by Travelers to Big D after the Endorsement became effective.  In light of his finding that the commercial automobile insurance policy issued by Travelers to Big D did not cover the Tractor and Trailer involved in the accident, the district judge declined to reach the merits of the remaining arguments advanced by Bituminous in the summary judgment proceedings.

On appeal, Bituminous argues: (1) that the Endorsement did not unambiguously delete from liability coverage the Tractor and Trailer driven by Frontier's employee, McAdams, and that the ambiguity should be construed in favor of Bituminous to evidence primary liability coverage under the policy; and, (2) that Frontier and McAdams were "permissive users" of the Tractor and Trailer under Travelers' policy with Big D at the time of the accident.[6]

---

[6] Bituminous dedicates much of its argument on appeal to the contention that the district judge failed to adequately consider whether Frontier and McAdams were permissive users of the Tractor and Trailer and therefore covered under Big D's policy with Travelers at the time of the accident.  We are not persuaded by Bituminous's argument on this issue. *See TIG Ins. Co. v. N. Am. Van Lines, Inc.,* 170 S.W.3d 264, 271 (Tex. App.-Dallas, 2005) (citations omitted) ("An insurance policy and its endorsements should be construed together unless they are so much in conflict they cannot be reconciled.  In that case, endorsements to a policy generally supersede and control over conflicting printed terms within the main policy."); *see also Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 558 (5th Cir. 2004) (citation omitted) (stating that "added provisions will supersede the previous policy terms to the extent they are truly in conflict").

4

No. 13-10537

## III.

After considering the parties' arguments as briefed on appeal, and after reviewing the record, the applicable statutory, state and federal case law, and the district court's judgment and reasoning, we AFFIRM the district court's summary judgment in favor of Defendants-Appellees and adopt its analysis in full.